IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Woodale Partnership; Woodland Plantation, L.L.C.; A. Victor Rawl; Renee Rawl Duffy; Marshall Brian Rawl; Michael Bruce Rawl; Dana Anthony Rawl, MD; and Mary G. Rawl, <br><br> Plaintiffs, <br><br> vs. <br><br> City of Charleston, Coastal Conservation League, and Johns Island Growth Management Committee, <br><br> Defendants. | C/A No. 2:07-CV-2025-MBS <br><br><br><br><br><br><br><br> **OPINION AND ORDER** |

This action arose out of an Ordinance enacted by the Charleston City Council on July 17, 2007 that down zoned certain property along River Road on Johns Island (the "2007 Ordinance"). Prior to the enactment of the 2007 Ordinance, the property was zoned as Rural Residential-1 ("RR-1"), which allows for three and a half (3.5) residential units per acre. The 2007 Ordinance reclassified the property as "Conservation," which restricts development to a single residential unit per each one and a half (1.5) acres. Among the properties subject to the 2007 Ordinance are three tracts of land owned by Plaintiffs: (1) the 465-acre tract owned by the Woodale Partnership (the "Woodale Property"); (2) a tract of approximately 265 acres owned by Woodland Plantation L.L.C. (the "Woodland Plantation Property"); and (3) a ten-acre parcel owned by the individually named Plaintiffs and held for the benefit of Plaintiff Mary G. Rawl (collectively, together with the Woodale Property and the Woodland Plantation Property, the "Property"). The Property is generally

1

undeveloped. Plaintiffs contend that, when the Property became annexed to the City of Charleston (the "City") in 1990, the City made a commitment to maintain the Property's RR-1 zoning classification in perpetuity.

In 2005, Plaintiffs entered into a preliminary contract for the purchase and sale of the Woodale Property for residential development. The agreement was expressly contingent on the Property's RR-1 zoning classification. The agreement fell through in 2006 when the City made a decision to down zone the Property from RR-1 to Conservation. After the parties spent nearly a year attempting to find a mutually-agreeable solution, the City passed the 2007 Ordinance.

Plaintiffs alleged in their complaint that the 2007 Ordinance was an illegal effort by Defendants to stop Plaintiffs' attempt to sell the Property for residential development. Plaintiffs asserted numerous causes of action, but eventually abandoned their claims except as to estoppel (Second and Twelfth Causes of Action); denial of equal protection (Seventh and Sixteenth Causes of Action); denial of due process (Eighth and Ninth Causes of Action); unconstitutional taking (Tenth and Thirteenth Causes of Action; tortious interference with contractual relations (Eleventh Cause of Action); and civil conspiracy (Fifteenth Cause of Action). The City and Johns Island Growth Management Committee filed a motion for summary judgment on March 19, 2010. The Coastal Conservation League filed a motion for summary judgment on April 1, 2010. The court held a hearing on the motions on August 17, 2010. On September 17, 2010, the court issued an order dismissing Johns Island Growth Management Committee as a party and granting summary judgment in favor of the remaining Defendants. Judgment was entered on September 21, 2010.

On October 18, 2010, Plaintiffs filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). The court denied Plaintiffs' motion on July 7, 2011. Plaintiffs thereafter filed a

notice of appeal on July 19, 2011. The case currently is pending before the Court of Appeals for the Fourth Circuit.

This matter is before the court on Plaintiffs' motion for relief from judgment pursuant to Fed. Rule 60(b), which motion was filed on November 4, 2011. Plaintiffs contend that they have discovered the City prepared a "Consolidated Plan 2005-2010" that purportedly supports Plaintiffs' contention that the City illegally thwarted Plaintiffs' efforts to develop the Property. Plaintiffs contend that the City engaged in discovery misconduct that compels relief under Rule 60(b)(3), or, in the alternative, that they are entitled to relief under Rule 60(b)(2) based on newly discovered evidence. The City filed a memorandum in opposition to Plaintiffs' motion on November 21, 2011, to which Plaintiffs filed a reply on December 1, 2011.

## DISCUSSION

The City asserts that Plaintiffs' Rule 60(b) motion is time barred because it was filed more than one year after the entry of judgment. Rule 60 provides, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . . ..
>
> (c) Timing and Effect of the Motion.
>
> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and

> for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

The court cannot extend the time to act under Rule 60(b). Fed. R. Civ. P. 6(b)(2).

As noted hereinabove, judgment was entered on September 21, 2010. Therefore, Plaintiffs had until September 21, 2011 to file their Rule 60(b) motion. Because Plaintiffs did not file their motion until November 4, 2011, the motion is untimely.

Plaintiffs contend that the one-year period set forth in Rule 60(c)(1) commenced once the court denied their motion for reconsideration on July 7, 2011. In support of their argument, Plaintiffs rely on Fed. R. Civ. P. 54(a), which provides that a "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." According to Plaintiffs, the September 21, 2010 judgment was only a "potential judgment" from which no appeal could "lie" until the court ruled on Plaintiffs' motion for reconsideration.

An appeal "lies" upon entry of judgment, and the notice of appeal must be filed within thirty days thereafter. See Fed. R. App. P. 4(a)(1). The time for filing the notice of appeal is tolled, however, if a party timely files a Rule 59 motion. Id. 4(a)(4); see Goodman v. Johnson, 471 F. App'x 114, 115 (4th Cir. 2012). Nowhere in Rules 54, 59, or 60 of the Federal Rules of Civil Procedure, or in Rule 4 of the Federal Rules of Appellate Procedure, does the court discern the notion of converting a "judgment" into a "potential judgment." Certainly had such a result been contemplated, Rule 60(c)(1) would contain wording to that effect. Instead, Rule 60(c)(1) prohibits the filing of a motion for relief from judgment more than one year "after the entry of judgment." The court has no discretion to ignore the plain language of a federal rule. Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 439 (4th Cir. 2003).

Even if Plaintiffs' Rule 60(b) motion were properly filed, however, they cannot prevail.

4

A Rule 60(b)(3) motion will be granted if: (1) the moving party has a meritorious defense; (2) the misconduct is proved by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. Columbia Comm'n Corp. v. Echostar Satellite Corp., 2 F. App'x 360, 366 (4th Cir. 2001) (citing Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994)).

According to the City, the 2005-2010 Consolidated Plan was prepared by the City's Department of Housing and Community Development for the purpose of receiving funding under the Community Development Block Grant, HOME Investment Partnerships, and Housing Opportunities for Persons with HIV/AIDS programs from the United States Department of Housing and Urban Development ("HUD"). The City states that the HUD application has no relation to the City's zoning decisions in the within action, but targets urban neighborhoods on the Charleston peninsula. Plaintiffs have failed to establish discovery misconduct by clear and convincing evidence.

The standard governing relief from judgment on the basis of newly discovered evidence under 60(b)(2) is the same as that governing a new trial under 59(a)(1). The movant must demonstrate: (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended. Henley v. FMC Corp., 20 F. App'x 108, 114-115 (4th Cir. 2001) (quoting Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989)). In this case, the 2005-2010 Consolidated Plan was published on the City's website and could have been obtained through the exercise of due diligence before judgment. The court further finds the 2005-2010 Consolidated Plan to be, at most,

impeaching. Plaintiffs have failed to establish an entitlement to relief under Rule 60(b)(2).

## CONCLUSION

Plaintiffs' motion for relief from judgment (ECF No. 157) is **denied** as time-barred.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

September 28, 2012